UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMAKRISHNA VEMURI,

    Plaintiff,

      v.

JANET NAPOLITANO, Secretary,
Department of Homeland Security, *et al.*,

    Defendants.

Civil Action No. 10-199 (CKK)

**MEMORANDUM OPINION**
(March 23, 2011)

Presently pending before the Court is Defendants' [9] Motion to Dismiss, which was filed on August 30, 2010. On September 10, 2010, Plaintiff filed an [10] Unopposed Motion to Extend Time of Filing in which he requested an extension of time until September 27, 2010 to file his response to Defendants' motion to dismiss. By minute order issued on the same day, the Court denied Plaintiff's motion without prejudice because Plaintiff had not provided the Court with any grounds for an extension. This Court does not automatically grant extensions simply because all parties consent to an extension; there must be some valid grounds for seeking to extend the deadlines imposed by the Court's rules. Local Civil Rule 7(b) governs the filing of oppositions to motions filed in this Court:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LCvR 7(b).

By operation of Local Civil Rule 7(b), Plaintiff's opposition to Defendants' motion to

dismiss was due by no later than September 16, 2010.[1]  Plaintiff could have either filed his opposition by this date or filed a new motion for extension of time that provided a reason why an extension should be granted.  However, Plaintiff failed to do either of these things by September 16, 2010.  In fact, Plaintiff took no further steps to prosecute this case until March 22, 2011—more than six months after his opposition was due—when he filed a [11] Motion to File Out of Time Plaintiff's Opposition to Defendants' Motion to Dismiss.  The only explanation provided by that motion is that "[c]o-counsel on the case took a parental leave of absence of the firm and subsequently left the firm."  Plaintiff also argues that Defendants will not be prejudiced by the late filing.  Plaintiff's explanation as to why his filing is so late is woefully inadequate.  Furthermore, Plaintiff's motion to file out of time violates yet another of this Court's rules, LCvR 7(m), which requires a party filing a nondispositive motion to confer with opposing counsel and include a statement in the motions indicating whether the motion is opposed.  *See* LCvR 7(m).  Therefore, the Court shall DENY Plaintiff's [11] Motion to File Out of Time.

Having denied Plaintiff's second motion for extension of time, the Court is not inclined to give Plaintiff a third bite at the apple more than six months after his opposition was initially due.  The D.C. Circuit has explained that Local Civil Rule 7(b) "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues."  *Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).  A district court's decision to apply the rule is reviewed only for abuse of discretion, and the D.C. Circuit has never

---

[1] This period includes the three days that are added to the computation of time based on certain kinds of service under Federal Rule of Civil Procedure 6(d); this rule applies if Plaintiffs received service only through electronic means via the Court's electronic filing system.  *See* Fed. R. Civ. P. 5(b)(3); LCvR 5.4(d).

considered straightforward application of Rule 7(b) to be an abuse of discretion. *Id.*; *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997). The Court need not provide notice before enforcing the rule or offer a party an opportunity to explain its failure to comply. *Fox*, 389 F.3d at 1295.[2] "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In this case, Plaintiff has completely disregarded this Court's rules by failing to file a timely opposition and then seeking to file an opposition over six months later without providing an adequate explanation or conferring with opposing counsel. Accordingly, the Court shall exercise its discretion to enforce Local Civil Rule 7(b) and grant Defendants' [9] Motion to Dismiss as conceded. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] An exception to this rule is for dispositive motions filed against parties who are representing themselves, *pro se*. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that district courts must advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion).